## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **KERRY JOHNSON, SR.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:25-cv-00567-O-BP** |
| | § | |
| **CANTEX INC.,** | § | |
| | § | |
| **Defendant.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the Motion for Default Judgment (ECF No. 16) and Amended Motion for Default Judgment (ECF No. 17) that Plaintiff Kerry Johnson Sr. ("Johnson") filed, Defendant Cantex's response and request for sanctions and attorney's fees (ECF No. 18), and Johnson's reply (ECF No. 19). After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Chief United States District Judge Reed O'Connor **DENY** Johnson's Motions for Default Judgment (ECF Nos. 16, 17) and **DENY** Cantex's request for sanctions and attorney's fees (ECF No. 18).

## I.    BACKGROUND

This is an employment discrimination case. Johnson claims that Cantex treated him inequitably due to his race and age and retaliated against him when he complained about this treatment. ECF No. 1 at 1. He asserts that Cantex reduced his employment responsibilities, removed his cooling tent forcing him to work outside in the heat with no cover, commented about older employees' value to the company, was dismissive when nooses were found at the work site, and committed several other instances of unequal treatment and harassment. *Id.* at 3-5. Johnson

argues Cantex's actions violated Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act ("ADEA"). *Id.*

On August 25, 2025, Johnson filed a "Notice of Filing Proof of Service," stating that the Dallas County Precinct 1 Deputy Constable served Cantex with process on August 21, 2025. ECF No. 9. On September 15, 2025, Johnson moved for a default judgment, claiming that Cantex had "failed to answer or otherwise respond" in this action, even though Cantex had filed its response (ECF No. 11) on September 12, 2025. ECF No. 14 at 3. He also claimed the "deadline to answer [had] expired on September 11, 2025." *Id.*

On September 16, 2025, Cantex responded to Johnson's request claiming that entry of default judgment was improper. ECF No. 15. Cantex argues that it already had responded to the action on September 12, 2025, three days before Johnson requested default judgment. *Id.* at 2. Cantex claims that Johnson's request constitutes bad faith multiplication of proceedings and harassment, as well as perjury. *Id.* at 3-4.

## II.    LEGAL STANDARD

### A.    Default judgment

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. There are three stages to entry of default judgment. First, a default occurs "when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996); *see also* Fed. R. Civ. P. 55(a) (noting default occurs where the defendant "has failed to plead or otherwise defend" against the complaint). Second, the Clerk may enter a defendant's default if it is "established by affidavit or otherwise." *Brown*, 84 F.3d at 141 (citing Fed. R. Civ. P. 55(a)). Third, if the Clerk enters default, the plaintiff must apply for a default judgment from the Court. Fed. R. Civ. P. 55(b)(2).

The Fifth Circuit has "adopted a policy in favor of resolving cases on their merits and against the use of default judgments." *Rogers v. Hartford Life & Acc. Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999) (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 892-93 (5th Cir. 1998). Although the Fifth Circuit does not favor default judgments, this policy is "counterbalanced by considerations of social goals, justice and expediency, a weighing process . . . within the domain of the trial judge's discretion." *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014) (quoting *Rogers*, 167 F.3d at 936). But default judgment remains "a drastic remedy, not favored by the Federal Rules." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989); *see also Shipco*, 814 F.2d at 1014 (calling default judgments "draconian").

### B.    Sanctions

Federal Rule of Civil Procedure 11 authorizes a court to impose sanctions on a party who files a pleading for an improper purpose, such as to harass the opposing party, delay the proceedings, or increase the expense of litigation. Fed. R. Civ. P. 11(b), (c). Sanctions under Rule 11 also may be appropriate if the Court finds that existing law or by a good-faith argument for an extension or change in existing law does not support the claims or defenses of the signer, or the allegations and other factual statements lack evidentiary support or are unlikely to do so after a reasonable opportunity for investigation. Fed. R. Civ. P. 11(b). "[T]he central purpose of Rule 11 is to deter baseless filings in district court." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).

Rule 11(c)(2) sets out requirements for motions for sanctions. "A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." *Id.* The motion must be served on the allegedly offending party according to

Rule 5, and it may not be filed with the Court until at least twenty-one days after service of the motion on the offending party. *Id.* If, during this period, the alleged violator withdraws or appropriately corrects the objectionable pleading, the motion should not be filed with the court. *Id.*

These provisions provide a type of "safe harbor" by ensuring that a party will not be subject to sanctions unless it has had the opportunity to withdraw or correct the offending paper, claim, defense, contention, or denial. *Id.*; *Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995). "The safe-harbor provision is strictly construed, and substantial compliance and informal notice and opportunity to withdraw are not sufficient." *Reyes v. Kroger Texas, LP*, No. 3:10-cv-922-B, 2010 WL 4316084, at *4 (N.D. Tex. Oct. 2, 2010) (citing *In re Pratt*, 524 F.3d 580, 586-88 (5th Cir. 2008)), *rec. adopted*, 2010 WL 4321585 (N.D. Tex. Oct. 25, 2010). A court properly denies a Rule 11 motion for sanctions when the movant fails to comply with the safe-harbor provision or the twenty-one-day notice requirement. *Tompkins v. Cyr*, 202 F.3d 770, 788 (5th Cir. 2000). The burden is on the movant to show compliance. *Reyes*, 2010 WL 4316084, at *4 (citing *Harris v. Auxilium Pharm., Inc.*, 664 F. Supp. 2d 711, 724 (S.D. Tex. 2009)).

After the offending party receives notice and a reasonable opportunity to respond, a court finding a Rule 11(b) violation may impose appropriate sanctions. Fed. R. Civ. P. 11(c)(1). Such sanctions may include monetary payments and injunctions. *See Farguson v. MBank Hous., N.A.*, 808 F.2d 358, 359-60 (5th Cir. 1986) (imposing such sanctions for the filing of "frivolous and irrational" complaints). Even dismissal can be warranted. *Cappa Fund III, L.L.C. v. Actherm Holding, A.S.*, No. 3:10-CV-897-L, 2011 WL 817384, at *2 (N.D. Tex. Feb. 21, 2011), *rec. adopted*, 2011 WL 816861 (N.D. Tex. Mar. 9, 2011) (citing *Jimenez v. Madison Area Technical Coll.*, 321 F.3d 652, 657 (7th Cir. 2003)). Courts have a duty to impose the least severe sanction that is sufficient to deter future conduct. *Mendoza v. Lynaugh*, 989 F.2d 191, 196 (5th Cir. 1993);

*see also* Fed. R. Civ. P. 11(c)(4) ("A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated."). A sanction under Rule 11 is "normally reserved 'for the rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose.' It is an extraordinary remedy, one to be exercised with extreme caution." *Laughlin v. Perot*, CA No. 3-95-CV-2577-R, 1997 WL 135676, at *8 (N.D. Tex. Mar. 12, 1997) (quoting *Operating Engineers Pension Tr. v. A-C Co.*, 859 F.2d 1336, 1344-45 (9th Cir. 1988)).

####    C.    Attorney fees

"[A] court may not impose attorne[y] fees as a Rule 11 sanction sua sponte, but may only do so on a proper Rule 11 motion." *Snapt, Inc. v. Ellipse Commc'ns Inc.*, No. 3:09-cv-661-O, 2011 WL 13206110, at *3 (N.D. Tex. Nov. 8, 2011). However, courts may do so "pursuant to the Court's inherent power to police itself. The Supreme Court has made clear that a district court may impose attorne[y] fees as a sanction even where such fees would not be available under Rule 11." *Id.* (citing *United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 46 (1993). These "sanctions may be appropriate where 'a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons'" but courts typically reserve these sanctions for "extreme cases." *Id.* (citing *Chambers*, 510 U.S. at 46). The Court's "inherent power to impose attorne[y] fees as a sanction 'must be exercised with restraint and discretion,'" *id.* (citing *Chambers*, 510 U.S. at 45), and the Court should only award attorney fees "when it finds that 'fraud has been practiced upon it, or that the very temple of justice has been defiled.'" *Id.* (citing *Boland Marine & Mfg. Co. v. Rihner*, 41 F.3d 997 (5th Cir. 1995)).

### III.    ANALYSIS

#### A.    Default judgment

Here, the clerk has not entered default, and Cantex responded to Johnson's suit before Johnson requested entry of default judgment. Without a prior entry of default, Johnson has no basis for seeking a default judgment. *See Rogers*, 167 F.3d at 937. Moreover, while Cantex did not respond to Johnson's complaint and summons by September 11, 2025, it filed its response three days before Johnson requested entry of default judgment and claimed Cantex had failed to respond. Entry of a default judgment would not be appropriate under these circumstances. *Id.*

#### B.    Sanctions

Cantex requests sanctions and attorney fees in having to respond to Johnson's motion. ECF No. 18 at 6. Cantex claims without support that Johnson's motions for default judgment were brought in bad faith and "for the purpose of harassment." *Id.* However, Cantex did not comply with the requirements of Rule 11 because it filed moved for sanctions with its response to Johnson's motion for default judgment. ECF No. 18. This does not comply with Rule 11's requirement that a motion for sanctions must be brought separately from any other motion. Fed. R. Civ. P. 11(c)(2). Likewise, Cantex did not serve its motion for sanctions on Johnson under Rule 5 twenty-one days before filing it with the Court, as Rule 11(c)(2) requires. Further, an award of sanctions would not serve the "central purpose of Rule 11" by deterring baseless filings in this Court. *Cooter & Gell*, 496 U.S. at 393.

Cantex asserts that Johnson had an obligation to ensure his contentions were formed after a reasonable inquiry under the circumstances and warranted by legal authority. *Id.* at 6 (citing Fed. R. Civ. P. 11(b)).  While this is true, Johnson is not an attorney. He is a *pro se* party who apparently never filed suit before in federal court. And while Johnson should have been more careful in his

filings, these facts weigh against imposing sanctions on Johnson. *See McCampbell v. KPMG Peat Marwick*, 982 F. Supp. 445, 449 (N.D. Tex. 1997) (refusing to impose sanctions on a *pro se* party because he had filed only once in federal court and because a *pro se* party "should be sanctioned 'only after successive attempts to press a wholly frivolous claim'"). Johnson's actions of filing the request for entry of default judgment request three days after Cantex's response is not the type of "rare and exceptional case where the action is clearly frivolous, legally unreasonable . . . or brought for an improper purpose" that justifies the "extraordinary remedy" of Rule 11 sanction awards. *Laughlin*, 1997 WL 135676 at *8.

Because Cantex has not complied with the requirements of Rule 11, Rule 11's central purpose would not be served, and Johnson did not make successive attempts to "press a wholly frivolous claim," the Court should deny Cantex's request for sanctions.

### C.    Attorney fees

Cantex claims that because Johnson's second request for a default judgment was frivolous, an award of attorney fees is appropriate, but provides no statutory support for such an award. ECF No. 18 at 7. An award of attorney fees under Rule 11 is not warranted for the same reasons that other sanctions are not appropriate here. Moreover, , the Court should deny attorney fees pursuant to the Court's inherent powers of self-policing. *Snapt, Inc.* WL 13206110 at *3. Johnson has not practiced a fraud upon the Court, and his actions do not present an "extreme cas[e]" of a party acting in "bad faith" that justifies these sanctions. *Id.*

The Court warns Johnson that even though he is proceeding without an attorney, he still must comply with the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the legal authorities that apply to this type of case. *Burroughs v. Shared Hous. Ctr.,* No. 3:15-cv-333-N-BN, 2017 WL 876333, at *3 (N.D. Tex. Jan. 31, 2017), rec. adopted, No. 3:15-cv-333-N, 2017

WL 875853 (N.D. Tex. Mar. 3, 2017) (citing *Reed v. Richards*, 32 F.3d 570, 1994 WL 259442, at *3 (7th Cir. June 13, 1994) (per curiam). Future filings in this Court that the record does not support or that are legally meritless may result in the imposition of sanctions. *See McCampbell*, 982 F. Supp. at 449.

## IV.    CONCLUSION

Entry of a default judgment against Cantex is not appropriate in this case. Cantex responded to Johnson's complaint before Johnson requested entry of default or moved for default judgment. Although his request was not well-founded, Johnson's conduct does not warrant the imposition of sanctions or an award of attorney fees. Accordingly, the undersigned **RECOMMENDS** that Chief Judge O'Connor **DENY** Johnson's Motion for Default Judgment (ECF No. 17) and **DENY** Cantex's request for sanctions and attorney fees (ECF No. 18).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th

Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

     **SIGNED** on October 9, 2025.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE